Tkbzevakt, J.,
delivered the resolution of the court. All the judges present except Wilds, J. 1. The ordinance of 1785, for regulating public vendues, seems to have had in view only licensed vendue masters and auctioneers; yet sheriffs being within the design and reason of it, ought to be considered as comprehended in the scope and spirit of it. The ordinance declares, that every person who shall purchase any lands, &c. at any public sale, which shall be entered in the books of the vendue master so selling, shall be liable to all losses on a resale, if he shall not comply with the conditions of the sale. Sheriffs’ sales are public sales within the policy of the ordinance, and within the mischief intended to be remedied by it; and sheriffs, who keep regular books, and accounts of sales, and are public officers acting under the sanction of an oath, and the confidential servants of the community, may be fairly considered as quasi vendue masters in relation to their sales under execution. 2. Upon failure to comply with the conditions of a public sale by the vendee, the vendue master is authorized by the act to resell the lands, &c. on the original conditions; and whatever défi-ciency shall arise on such purchasers’ non-compliance, the vendue master shall recover from such purchaser. But in the foregoing part of the same section of the act it is declared, that the purcha-sher rofusiog to comply with the conditions of the sale, within seven days thereafter, shall be liable to all losses arising thereon, to the original owner. Now, although it appears the vendue master, or *183 sheriff, is intitled in such cases to sue for and recover such deficiency, or losses arising, for the benefit of the original owner; yet, as the vendue master, or sheriff, may omit, or refuse to bring, or prosecute such action, and as the act expressly declares that the purchaser so non-complying, shall be liable to the original owner, the act, must be construed to intend the giving a right of action to the owner. And the purchaser is liable immediately to the owner, in case the vendue master, or sheriff, declines to sue. In the case of a sheriff, it may be necessary sometimes, to give him a prior right of action, for the benefit of creditors. In general, no evil can result from laying it down as a rule, that either may maintain this action, the vendue master, or the owner of the property sold: but both cannot recover, for there shall be but one remedy. 3. The aver, ment in the declaration that the plaintiffs were seized in fee, is an immaterial averment in this action, and it was not necessary to prove it.
Note. Sheriffs’ sales are within the statute of frauds. 2 Caines, 61. And requires a deed, or note in writing, to pass the estate. See 2 Johns. 250.
The determination of the District Court was correct; therefore, the motion is discharged.